IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KESIA J. PERRY, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　CIVIL ACTION NO. 2:11-cv-464-WHA
　　　　　　　　　　　　　　　　　　)　　　　　　　　　(WO)
ALABAMA ALCOHOLIC BEVERAGE　　)
CONTROL BOARD, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　)

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This cause is before the court on the Defendants' Bill of Costs (Doc. # 166) filed on October 22, 2013 in response to the court entering final judgment on September 23, 2013 (Doc. # 157). In that order, the court entered judgment in favor of the Defendants, Alabama Alcoholic Beverage Control Board, Chief Jeff Rogers, in his individual capacity, Stan Goolsby, in his individual capacity, Lieutenant Kenneth Davis, in his individual capacity, and Jean Turner, in her individual capacity, and taxed costs to the Plaintiffs, Kesia J. Perry, Valencia Aaron, and Stacy D. Taylor. On November 4, 2013, the Plaintiffs filed an Objection to the Defendants' Bill of Costs (Doc. # 168), and on November 18, 2013, the Defendants filed a Reply to Plaintiffs' Objection to the Bill of Costs (Doc. # 171).

The Plaintiffs object to all costs on the basis of their financial circumstances. In addition, Plaintiffs make several specific objections to the following: electronic disks and condensed versions of all deposition transcripts; all depositions noticed and taken by the Plaintiffs, namely the depositions of Mark Hatfield, Dennis Hill, William Carson, Jean Turner, Jeff Rogers, Stan Goolsby, Vance Patton, Lee Moore, Nikki Parker, Robert Barton, and Margaret Sellers–Bok; the depositions of two physicians, Drs. Pou and Tuck; the depositions of all three Plaintiffs in this case; and the copying costs of $1,233.

## II. STANDARD

Under Rule 54 of the Federal Rules of Civil Procedure, "[u]nless a federal statute, [the] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Costs" and "expenses" are not synonymous; rather, absent statutory authorization, only those items construed under 28 U.S.C. § 1920 may be taxed as costs by this court. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997) ("[T]he costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision."). Thus, the costs that the court may tax are:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; (6) [c]ompensation of court appointed experts, compensation of

> interpreters, and salaries, fees, expenses, and costs of special
> interpretation services under section 1828.

28 U.S.C. § 1920.

### III. DISCUSSION

The court has discretion to deny some of the costs incurred by the prevailing party, but if the court decides to deny granting the prevailing party its full costs, the "court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000). While the non-prevailing party's financial status is one factor that a court may evaluate in determining the amount of costs to tax, the court need not do so, and if the court does consider the party's financial status, the court "should require substantial documentation of a true inability to pay." *Id.* at 1039. For documentation to be substantial, the non-prevailing party must provide "more proof than simply 'self-serving statements that [one] is unable to pay the costs sought.'" *Morris v. Precoat Metals*, No. 2:11-cv-0053-SLB, 2013 WL 830868, at *7 (N.D. Ala. Mar. 4th, 2013) (alteration in original). "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039.

The Defendants' original Bill of Costs sought to tax the Plaintiffs with costs of $20,757.47. Of those costs, the Plaintiffs only dispute $17,314.59 associated with depositions and $1,233.25 associated with exemplification and copies of papers. The Plaintiffs have not put forth any objection as to $809.63 in costs for service of summons and subpoenas. Based on a number of concessions and adjustments discussed below, the Defendants are now requesting that

the court tax the Plaintiffs with costs of $18,842.47. For the reasons set out below, the court finds

that the appropriate amount to be taxed is $16,591.52.

## A. The Plaintiffs' General Objection

Plaintiffs Perry, Aaron, and Taylor each argue that they are individually unable to pay the

costs requested by the Defendants. In support of their arguments, the Plaintiffs have submitted

affidavits stating only their estimated annual incomes and various alleged expenses, such as

dependent expenses. No other documentation was provided. Because this court does not have to

consider the Plaintiffs' financial circumstances at all in this case, and because the Plaintiffs have

failed to present any additional evidence of their financial condition beyond their affidavits, this

court will not reduce the amount of costs owed to the Defendants on the basis of the Plaintiffs'

finances. *See Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1288 (11th Cir. 2002) (affirming the district

court's reasoning that the non-prevailing party had "failed to present sufficient evidence [with

her motion to reduce costs] that she […] suffered from dire financial circumstances" because, as

the Court of Appeals stated, "a district court may, but need not, consider financial status in

making a costs award to a prevailing party").

## B. The Plaintiffs' Specific Objections

The Plaintiffs argue that all of the costs submitted by the Defendants for copying and for

depositions were unnecessary for the litigation and should thus not be taxable. "There is a

presumption in favor of awarding costs, but the party seeking recovery must show that the

4

expenses were reasonable." *Maricus W. ex rel. Marvin M. v. Lanett City Bd. of Educ.*, 142 F. Supp. 2d 1327, 1329 (M.D. Ala. 2001). Costs for transcripts and copies of any materials are awarded only if they are "necessarily obtained for use in the case." *See* 28 U.S.C. §§ 1920(2), (4); *see also U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621–23 (11th Cir. 2000).


### 1. Costs for Depositions


First, the Plaintiffs contend, and the Defendants concede, that the expenses from obtaining condensed deposition transcripts and disc or computer-drive versions of deposition transcripts cannot be taxed, as they were created for the convenience of Defendants' counsel and were thus unnecessary. Because the Defendants concede this issue, the court will not analyze the issue any further, and the requested costs are reduced from $20,757.47 to $20,162.47.[1]

Second, the Defendants also concede that they are only entitled to $80 in attendance fees for two of the physicians deposed in this case. Because Defendants have conceded this amount, the court will not analyze the issue any further, and the requested total costs are reduced from $20,162.47 to $18,842.47.[2]

Third, the court finds that the courier services used to deliver the deposition transcripts are ordinary business expenses and are thus not recoverable. *Preis v. Lexington Ins. Co.*, Civil Action No. 06-0360-WS-C, 2007 WL 3120268, at *4 (S.D. Ala. Oct. 22, 2007) (finding the amount charged for shipping five depositions to the plaintiffs in that case to be ordinary business

---

[1] The amount of $20,162.47 was determined by subtracting the expenses for condensed transcripts (four transcripts at the price of $60 each and sixteen transcripts at the price of $10 each, for a total of $400) and deposition disks and drives (thirteen copies at the price of $15 per copy, for a total of $195) from the originally requested total of $20,757.47.

[2] The amount of $18,842.47 was determined by subtracting the originally claimed amount of $1,400.00 from $20,162.47 and adding $80 to account for the newly requested appearance fees.

expenses that were not recoverable). *But cf. Smith v. Quintiles Int'l*, No. 5:04-cv-657-Oc-10GRJ, 2007 WL 2412844, at *4 (M.D. Fla. Aug. 21, 2007) ("While normal postage charges for delivery of transcripts may be reasonable the Court concludes that Federal Express charges are not taxable because they are solely for the convenience of counsel for the Defendants."). The total costs are thus further reduced to $18,695.47 after subtracting the $147 requested for courier services.

Fourth, the court finds that the emailed rough drafts of three of the depositions were solely for the convenience of counsel in this case and were thus not necessary. *See Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1227 (N.D. Ga. 2009) (refusing to tax costs for rough drafts and e-mail transcripts). As a result, the court will not tax those costs to the Plaintiffs. Thus, the total costs are reduced to $16,839.97 after subtracting $505.50, $630, and $720 as listed expenses for emailing rough drafts of the Perry, Taylor, and Aaron depositions.

Fifth, the court finds that the Defendants have not met their burden in showing that the deposition of Robert Barton was necessarily obtained for this case. That deposition was not used in either the Defendants or Plaintiffs' summary judgment motions, and the Defendants do not mention the Barton deposition in their Reply to Plaintiffs' Objection to Bill of Costs. Thus, the Defendants have not met their burden after the Plaintiffs challenged this expense, and the expenses for that deposition are not taxed to the Plaintiffs. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, Case No. 11-62594-CIV, 2013 WL 2929464, at *2 (S.D. Fla. June 12, 2013) ("Even though the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party 'still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them.'" (quoting *Ferguson v. N. Broward Hosp. Dist.*, No. 10-61606-CIV, 2011 WL 3583754, at

*3 (S.D. Fla. Aug. 15, 2011)) (alterations in original)). The total costs are therefore reduced from $16,839.97 to $16,678.97, reflecting both $141.75 in expenses for the deposition transcript and $19.25 in expenses for the transcript's exhibits.

The Defendants have met their burden with the remaining depositions and associated costs. The Plaintiffs argue that two of the physicians' depositions were unnecessary because "medical requests would [have] show[n] the same thing." (Doc. # 168 at 4.) The Plaintiffs further argue that, because the Plaintiffs were the parties who originally noticed the depositions, the Defendants should have contacted the Plaintiffs for copies of the depositions rather than ordering copies from the court reporter. Despite the Plaintiffs' arguments, "the prevailing party is entitled to recover the costs of one copy of all depositions necessarily obtained for use in [a] case regardless of which party took the depositions." *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 243 (N.D. Ga. 1993). Further, "[a] district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *W&O*, 213 F.3d at 621. As discussed, the ultimate question is whether the depositions were necessarily obtained for use in the case. *Id.* Here, all of the remaining depositions were either used in the parties' summary judgment motions or were necessarily obtained by the Defendants. Specifically, although not included with the Defendants' Motion for Summary Judgment, the Defendants deposed the physicians in this case because the Plaintiffs claimed damages for emotional distress. Through these depositions, the Defendants were able to determine the full extent of these emotional distress claims. Thus, because all of the remaining depositions were either used in the parties' summary judgment motions or were otherwise necessarily obtained for use in this case, the Plaintiffs' objections fail and the remaining depositions may be taxed.

## **2. Costs for Copying**

After reviewing the itemized listing of the Defendants' copying expenses, the court has determined that the Defendants have not met their burden to show that the amounts of $15 paid to Faulkner University, $3.95 paid to ProQuest Archiver, and $68.50 paid to the Alabama Bureau of Investigation were necessary for this case. *Joseph*, 2013 WL 2929464, at *2. Despite the Defendants' mere statements of the materials obtained through each of these payments, the Defendants have not presented any reason, and the court cannot see one, as to why these materials were necessary. Thus, the total costs in this case are further reduced to $16,591.52, reflecting a total decrease of $87.45.

The Defendants have met their burden with the remaining costs for copying in this case. In the Defendants' itemization and supporting affidavit, the remaining copied materials all concerned the Plaintiffs' medical or employment histories. In deciding this case on summary judgment, the Plaintiffs' employment records were necessarily at issue, and thus those records were necessarily obtained for use in this case. Further, because the Plaintiffs alleged in one instance that the Defendants' actions affected one Plaintiff's blood pressure, and because all Plaintiffs claimed damages for emotional distress, the Plaintiffs' medical records would necessarily be obtained for this case. Thus, because all of the remaining copied documents concern medical and employment records and were therefore necessary for this case, the Defendants are entitled to the costs of those documents.

In conclusion, the court will reduce the original $20,757.47 included in the Bill of Costs by $4,233.95, which results in a new final amount of $16,591.52.

**IV. CONCLUSION**

For the foregoing reasons, it is ordered as follows:

1. Plaintiffs' Objection to Defendants' Bill of Costs (Doc. # 168) is SUSTAINED in part and OVERRULED in part as set forth above.

2. The court taxes the sum of $16,591.52 against Plaintiffs Kesia Perry, Valencia Aaron, and Stacy Taylor.

DONE this 26th day of November, 2013.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE